

William R. Bennett, III (WB 1368)
Bennett, Giuliano, McDonnell & Perrone, LLP
494 Eighth Avenue, 7th Floor
New York, New York 10001
Telephone: (646) 328-0120
Attorneys for PICCININNI, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In the matter of the complaint of Piccininni, Inc.
as owner of a certain 1979 41' fishing vessel
known as the DAYBREAK III
for exoneration from or limitation of liability.

------------------------------------------------------------X

Docket No.: 08 Civ. _____



VERIFIED COMPLAINT

Plaintiff, **PICCININNI INC.**, as and for its verified complaint, alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9 (h) of the Federal Rules of Civil Procedure, and is asserted under the admiralty and maritime jurisdiction of this Court pursuant to Article III, Section 2 of the Constitution of the United States, and 28 U.S.C. section 1333.

2. At all times hereinafter mentioned plaintiff, was and now is a New York corporation, with its principal office located in Bronx County, and was the owner of a certain 1979 41' fishing vessel known as the DAYBREAK III.

3. The DAYBREAK III is a fiberglass vessel, built in 1979, with a length of 41 feet.

4. On or about August 18, 2006 the vessel DAYBREAK III departed the Sermon Boat Yard in Bronx, New York with several passengers on board to go fishing and subsequently return to Sermon Boat Yard, Bronx, New York that same day. Plaintiff, as owner of DAYBREAK III used due diligence to make the vessel seaworthy at and prior to the time the DAYBREAK III left for the voyage; and at all relevant times thereafter the vessel DAYBREAK

III was tight, staunch, strong, fully manned, properly equipped and supplied, and in all respects seaworthy and fit for the service in which it was engaged.

5. Thereafter, the vessel DAYBREAK III departed Sermon Boat Yard on August 18, 2006.

6. On August 18, 2006, while the vessel was actively engaged in navigation in the navigable waters of the Long Island Sound, a passenger, Daniel Polanco, alleges he was struck on his head with a certain piece of fishing gear (the "Incident").

7. The aforesaid Incident and any loss or injuries to Daniel Polanco and/or others, resulting therefrom for which claims have been made against plaintiff/petitioner Piccininni Inc., or for which claims may be made against Piccininni Inc., and all other damages in any manner arising out of the said Incident, were not caused or contributed to by any fault, negligence or want of due care on the part of the plaintiff/owner, plaintiff or the Vessel DAYBREAK III, or those in charge of her, or of any person or persons for whom plaintiff was or is responsible, but were caused by the conduct or omission of others, including those on board the Vessel DAYBREAK III, for whom plaintiff is not responsible.

8. The aforesaid Incident, and any losses, damages or injuries resulting therefrom for which claims have been made against the plaintiff, and all other damages in any manner arising out said casualty were occasioned and occurred without the privity or knowledge of the plaintiff/owner.

9. As a result of the aforesaid Incident, the plaintiff has been and/or will be presented with claims. These claims, upon information and belief, may amount to a sum substantially greater than the plaintiff/owner's ownership interest in the Vessel DAYBREAK III.

10. Daniel Polanco has filed a personal injury action against Piccininni Inc. as a result of the Incident in the Supreme Court of the State of New York, County of Bronx captioned: <u>Daniel Polanco v. Piccininni Inc. and Peter Piccininni, et ano. Index No.: 08/302654</u>.

11. There are no demands, unsatisfied liens, or claims of lien arising out the aforesaid voyage against the Vessel DAYBREAK III or plaintiff, or any suits, save the related pending action referenced above, so far as is known to plaintiff/owner, except as set forth above. Piccininni, Inc. did not receive any written notice of claim. Accordingly, this complaint is filed within six months of the date Piccininni, Inc. received first written notice of claim from any claimant or potential claimant following the aforesaid Incident.

12. Plaintiff alleges that the value of its interest in the Vessel DAYBREAK III at the termination of the voyage following the alleged incident on August 18, 2006 did not exceed the sum of $75,000, and there is no pending freight for that voyage. Thus, the value of plaintiff/owner's interest in the Vessel DAYBREAK III and her pending freight does not exceed the sum of $75,000, which value is substantially less than the amount of the claims which have been made and for which plaintiff anticipates will be brought.

13. Subject to an appraisal of its interest in the referenced Vessel, plaintiff offers an interim stipulation for value in the sum of $75,000, said sum being not less than the actual value of plaintiff's interest in the Vessel as indicated in the affidavits of Claudio Crivicci and Peter Piccininni.

14. Plaintiff claims exoneration from liability for any and all losses, damages or injuries, done, occasioned, or incurred during the voyage aforesaid and for any and all claims for damages that have been or may hereafter be made. Plaintiff alleges that it has valid defenses thereto on the facts and on the law. Plaintiff further claims the benefit of the limitation of

liability provided in section 4281 through 4289 of the revised statutes of the United States, 46 U.S.C. §§ 181-189, and various statutes supplemental thereto and amendatory thereof, commonly referred to as the Shipowners Limitation of Liability Act; and to that end plaintiff herewith deposits with the Court security for the benefit of the claimants, an ad interim Stipulation for Value in the amount of $75,000 with sufficient guarantee, which is not less than the value of its interest in the vessel DAYBREAK III and her pending freight, as provided by the aforesaid statutes and by Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules Civil Procedure and by the rules and practices of this honorable Court.

**WHEREFORE**, plaintiff/owner prays:

1. That this Court issue a Order approving the above described <u>ad interim</u> Stipulation for Value, with guarantee, deposited by the plaintiff, as security for the amount or value of plaintiff's interest in the Vessel and the pending freight;

2. That this Court issue a Notice to all persons asserting claims with respect to which the complaint seeks limitation and exoneration, admonishing them to file their respective claim with the Clerk of the Court and to serve on the attorneys for the plaintiff a copy thereof on or before the date to be named in the notice, and that if any claimant desires to contest either his right to exoneration from, or the right to limit his liability, then he/she/it shall serve on the attorneys for plaintiff an answer to the complaint on or before the set date, and unless his/her/its claim has included an answer so designated, the claim shall be forever barred.

3. That this Court enjoin the further prosecution of any and all actions, suits or proceedings already commenced until they are consolidated with this action and prohibit the commencement or prosecution of any and all further actions, suits or proceeding of any nature or

description whatsoever in any jurisdiction against plaintiff or against the Vessel or against any property the plaintiff (except in this pending action), to recover damages in respect of any loss, damage or injury caused by, resulting from, or attributable to the Incident;

4. That this Court adjudge that the plaintiff is not liable to any extent for any loss, damage or injury or for any claim thereof in any way arising out of, or resulting from, the aforesaid Incident, or anything else done, occasioned or occurred on the aforesaid voyage;

5. That if plaintiff shall be adjudged liable, that any such liability be limited to the amount or value of the plaintiff's interest in the Vessel and her pending freight at the conclusion of the voyage on which she was engaged at the time of the said Incident, and that plaintiff be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid, or secured to paid as aforesaid be divided pro rata according to the herein above mentioned statutes and rules amongst such claimants as may duly prove their claims before this Court, saving to all claimants any other responsible parties to which they may be legally entitled to recovery from; and that judgment may be entered discharging plaintiff and the said Vessel from any further liability; and

6. That plaintiff may have such other, further and different relief which as to this Honorable Court in furtherance the pursuits of truth and justice shall necessarily have to be granted to plaintiff as just, proper and equitable.

Dated: New York, New York
      June 4, 2008

                              Bennett, Giuliano, McDonnell & Perrone, LLP
                              Attorneys for Plaintiff
                              PICCININNI INC.

                              _____
                              William R. Bennett, III
                              494 Eighth Avenue, 7th Floor

New York, New York 10001
Telephone:    (646) 328-0120

Z:\Documents\All Files\D829 Piccininni\Pleadings\VerComp-060208.doc