**William R. Bennett, III (WB 1368)**
**Bennett, Giuliano, McDonnell & Perrone, LLP**
**494 Eighth Avenue, 7ᵗʰ Floor**
**New York, New York 10001**
**Telephone:   (646) 328-0120**
**Attorneys for PICCININNI, INC.**

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY  FILED                │
│ DOC #: _____               │
│ DATE FILED: ___6/19/08___            │
└─────────────────────────────────────┘
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

In the matter of the complaint of Piccininni, Inc.
as owner of a certain 1979 41' fishing vessel
known as the DAYBREAK III
for exoneration from or limitation of liability.

-------------------------------------------------------X

Docket No.:  08 Civ. 5521 (ua)

**ORDER APPROVING OWNERS AD**
**INTERIM STIPULATION FOR**
**VALUE, DIRECTING ISSUANCE**
**OF NOTICE TO CLAIMANTS**
**AND RESTRAINING SUITS**

A Verified Complaint having been filed herein on June 5, 2008 by Piccininni, Inc., above

named plaintiff/owner of a certain 1979 41' fishing vessel known as the DAYBREAK III for

exoneration from or limitation of liability pursuant to sections 4281 through 4289 of the revised

46 U.S.C. §§30501 – 30512

statutes of the United States (46 U.S.C. §§ 181-189), and the statutes supplemental thereto and

amendatory thereof, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime

Claims of the Federal Civil Procedure, for loss, damage, or injury caused by and/or resulting

from an incident wherein a passenger alleges he was hit on the head with a certain piece of

fishing gear, which occurred on or about August 18, 2006, in the Long Island Sound, New York,

or done, occasioned, or incurred on the voyage of the 1979 41' fishing vessel, the DAYBREAK

III, which began at Sermon's Boat Yard, Bronx, New York on or about August 18, 2006 and

terminated at Sermon's Boat Yard, Bronx, New York on or about August 18, 2006, as is more

fully described in the complaint;

   **AND** the complaint having stated that the value of owner Piccininni Inc.'s interest in the

vessel is $75,000, as indicated by the declarations of Peter Piccininni and Claudio Crivicci.

AND the plaintiff/owner having deposited with the Court as security for the benefit of the claimants, an Ad Interim Stipulation for Value dated June 4, 2008, by surety, with guarantee not less than equal to the amount of the value of its interest in said vessel, and in the sum of $75,000, with interest from its date, executed by Arch Insurance Group, as guarantor, now on motion of Bennett, Giuliano, McDonnell & Perrone, LLP, attorneys for plaintiff, Piccininni, Inc.,

It is on this ___19___ day of June 2008,

**ORDERED** as follows:

1.    The above-described Ad Interim Stipulation for Value, with surety, Arch Insurance Group's guarantee, deposited by plaintiff/owner Piccininni, Inc. with the Court for the benefit of claimants in the sum of $75,000, with interest as aforesaid, as security for the amount or value of the owner's interest in the vessel, be and hereby is approved.

2.    The Court upon motion shall cause due appraisement of such value and may thereupon order said security be increased or reduced if it finds the amount thereof insufficient or excess; upon demand, the Court may similarly order such increase or reduction if it finds that such an order is necessary to carry out the provision of section 4283 of the revised statutes (48 $30505 and Rule F (7) of the Admiralty Rules, U.S.C. §183), as amended, in respect to the loss of life or bodily injury.

3.    An order shall be issued by the Clerk of this Court to all persons asserting claims with respect to which the plaintiff seeks exoneration or limitation, and admonishing them to file their respective claims with the Clerk of the Court in writing, and to serve on Bennett, Giuliano, McDonnell & Perrone, LLP, attorneys for plaintiff/owner Piccininni, Inc. a copy thereof on or before the 30th day of July 2008 or be defaulted; and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability he/she/it shall file and serve on the attorneys for Piccininni, Inc. an answer to the complaint on or before the set date, and unless

2

his/her/its claim has included an answer to the complaint, so designated, he/she/it will be defaulted.

4.    The aforesaid notice shall be published in the New York Post, as provided by aforesaid Rule F, and copies of the notice shall also be mailed in accordance with said supplemental Rule F.

5.    Further prosecution of any and all action, suits or proceedings already commenced and the commencement or prosecution thereafter of any and all suits, actions or proceedings, of any nature and description whatsoever in any jurisdiction, and the taking of any steps and the making of any motion in such action, suits or proceedings against the plaintiff/owner Piccininni, Inc. as aforesaid, or against the 1979 41' fishing vessel known as the DAYBREAK III, or against any property of the owner or vessel, except in this action, to recover damages for or in respect of any loss, damage or injury caused by or resulting from the aforesaid Incident involving the fishing gear, including alleged injuries incurred by Daniel Polanco, or anything else done, occasioned, or incurred on said voyage of the 1979 41' fishing vessel known as the DAYBREAK III, as averred in the complaint, be and they hereby are restrained, stayed and enjoined until the hearing and determination of this action.

6.    Service of this order as a restraining order may be made through the post office by mailing a conformed copy thereof to the person or persons to be restrained or their respective attorneys.

_____
United States District Judge

PART I

6/19/08

Z:\Documents\All Files\D829 Piccininni\Pleadings\OrdApprovOwnIntStmtValue-060208.doc

3